UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATE ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-02615-WTL-MJD |
| | ) |
| MARTZ, | ) |
| | ) |
| Defendant. | ) |

**Order Granting Motion for Summary Judgment**

Plaintiff Nate Anderson brings this action pursuant to 42 U.S.C. § 1983 alleging that he was subjected to excessive force and denied proper medical treatment while at the Pendleton Correctional Facility. The defendant seeks summary judgment on Mr. Anderson's claims based on his failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). Mr. Anderson has not responded to the motion for summary judgment. For the following reasons, the motion for summary judgment is granted.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set

out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017).

Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

Mr. Anderson failed to respond to the defendant's summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

Mr. Anderson has been incarcerated at Pendleton since October 21, 2016. Dkt. 19-1, ¶ 15. He alleges that he was subjected to excessive force on December 28, 2017. Dkt. 2, pg. 3.

As required under Indiana Department of Correction (IDOC) policy, there is a grievance program in place at Pendleton, and this program was in place during the time Mr. Anderson alleges that his rights were violated. Dkt. 19-1, ¶¶ 6, 16. Inmates may grieve matters that involve actions of individual staff, including those actions alleged in Mr. Anderson's Complaint. Dkt. 19-1, ¶¶ 13, 18; Dkt. 19-2, p. 3. The grievance process requires an attempt to resolve the complaint informally, as well as three formal steps: a formal written grievance, a formal appeal of the response to the

Warden or a designee, and then a formal appeal of the response to the IDOC Central Office. Dkt. 19-1, ¶ 10; Dkt. 19-2, p. 3. If an inmate is unable to resolve his complaint informally, he may file a formal written grievance no later than ten business days from the date of the incident giving rise to the complaint. Dkt. 19-1, ¶ 10. Dkt. 19-2, pp. 8-9. Exhaustion of the grievance procedure requires pursuing an appeal to the final step of the grievance process. Dkt. 19-1, ¶¶ 11-12; Dkt. 19-2, pp. 12-13. To successfully exhaust a grievance, the offender must complete each step within the timeframe outlined in the Offender Grievance Process. Dkt. 19-1, ¶ 11.

Mr. Anderson had previously used the grievance procedures. Dkt. 19-3. A review of IDOC records shows that he has not attempted to file any formal grievance that may relate to the claims of this lawsuit. Dkt. 19-1, ¶ 21. He has not filed any formal grievance since June 5, 2017. Dkt. 19-1, ¶ 20; Dkt. 19-3.

### III. Discussion

The defendant moves for summary judgment arguing that Mr. Anderson failed to exhaust his available administrative remedies before filing this lawsuit as required by the PLRA.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (citing *Woodford v. Ngo,* 548 U.S. 81, 85 (2006); *Jones v. Bock,* 549 U.S. 199, 211 (2007)). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534

U.S. 516, 532 (2002). Prisoners are required to properly exhaust all available administrative remedies before filing a lawsuit relating to prison conditions. *Woodford,* 548 U.S. at 93. A prisoner who fails to take each step in the process has failed to exhaust and cannot file a lawsuit. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

The defendant has shown that Mr. Anderson did not file any grievances related to his claims in this case before he filed this lawsuit. Mr. Anderson has failed to respond to the motion for summary judgment and therefore has failed to dispute these facts. Accordingly, the defendant is entitled to summary judgment on Mr. Anderson's claims.

### IV. Conclusion

For the foregoing reasons, the motion for summary judgment, dkt. [18], is **granted**. Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 5/2/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

NATE ANDERSON
219213
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronically registered counsel of record via CM/ECF